UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MUFFETT & SONS FENCING, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>NATIONAL VINYL PRODUCTS,<br>LLC,<br><br>                    Defendant. | 12-CV-03006-TOR<br><br>ORDER TO REMAND |

BEFORE THE COURT is the Plaintiff's Motion to Remand seeking an order remanding this case back to Yakima County Superior Court (ECF No. 7). Plaintiff contends the amount in controversy in this case does not exceed the jurisdictional limits of $75,000 and, thus, this Court lacks subject matter jurisdiction over this matter.

Plaintiffs' Complaint (ECF No. 1) does not ask for a specific dollar amount, but seeks damages "in an amount to be made more definite and certain at the time of trial."

ORDER TO REMAND ~ 1

Defendant National Vinyl Products, LLC, contends that "the amount in controversy is potentially in excess of $75,000", explaining that the Plaintiff ordered approximately $111,920.66 worth of product that could be the subject of this defective product type suit (ECF No. 10).   Plaintiff counters with an affirmative representation that this claim for damages "will be under $75,000" (ECF Nos. 12 and 13).

United States District Courts are courts of limited jurisdiction.  Defendants based their removal of this action on 28 U.S.C. § 1332, which gives the court subject matter jurisdiction based on diversity of citizenship. In order for the court to have diversity jurisdiction over a case, the complaint must allege (1) the amount in controversy exceeds $75,000, exclusive of costs and interest and (2) there exists complete diversity of citizenship between the parties. 28 U.S.C. § 1332.

Under 28 U.S.C. § 1447(c), a remand is mandatory if it appears, at any time before final judgment, that the district court lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

There is a "strong presumption" against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*  Defendants bear the burden of proving, by a preponderance of evidence, facts sufficient to support jurisdiction.

ORDER TO REMAND ~ 2

*See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) and *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir.1996). Conclusory allegations as to the amount in controversy are insufficient. *Matheson*, 319 F.3d at 1090-91.  Defendant has not met its burden of showing that Plaintiffs' claims exceed the minimum amount in controversy of $75,000 as required for diversity. Indeed, Plaintiff has now affirmatively represented that the amount in controversy will not exceed $75,000.  Given this concession, in the future, Plaintiff may well be judicially estopped from contending otherwise. Cunningham v. Reliable Concrete Pumping Inc., 126 Wash. App. 222 (2005). Therefore, the Court will remand this case.

Pursuant to 28 U.S.C. Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." By reason of the ambiguous amount in controversy set forth in the Complaint, which appears to be in accord with state court pleading principles, the Court concludes that National Vinyl Products had "objectively reasonable" grounds to believe removal was legally proper. Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Thus, the assessment of costs and fees is unwarranted.

///

///

ORDER TO REMAND ~ 3

Accordingly, **IT IS HEREBY ORDERED:**

    1.  The Court hereby **REMANDS** this case to the Yakima County Superior Court without costs to either party.

    The District Court Clerk is directed to enter this Order, provide copies to counsel and <u>mail a certified copy of this Order</u> of remand to the Clerk of the Yakima County Superior Court, and **CLOSE** the file.

    **DATED** this 22nd day of March, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER TO REMAND ~ 4